Kenneth LYERLY, Plaintiff,

v.

Rufus B. LAWRIMORE, W. Archie Teal, and Albert J. Rogers, as the Review Committee for Florence County, South Carolina, of the United States Department of Agriculture, and Agricultural Stabilization and Conservation Committee, Defendants.

Civ. A. No. 5165.

United States District Court
E. D. South Carolina,
Florence Division.

Sept. 7, 1956.

McEachin, Townsend & Zeigler, Florence, S. C., for plaintiff.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., Arthur G. Howe, Asst. U. S. Atty., Charleston, S. C., for defendants.

WILLIAMS, District Judge.

This is a proceeding under Sections 365 and 366, Title III of the Agricultural Adjustment Act of 1938, 52 Stat. 63, 7 U.S.C.A. §§ 1365, 1366, for a review of a determination made by the defendants herein who constitute the Review Committee having jurisdiction of such matters in Florence County, South Carolina. The Review Committee is appointed by the Secretary of Agriculture and is provided under the Agricultural Adjustment Act for the purpose of reviewing matters relating to farm acreage allotments and farm marketing quotas established by the local county committees. Section 365 of the Act confers jurisdiction on this Court to review a determination of the Review Committee with which a farmer is dissatisfied and the review by this Court is limited to questions of law and the findings of fact by the Review Committee, if supported by evidence, shall be conclusive.

In accordance with the Act there has been certified and filed with the Court a transcript of the record upon which the determination in this case complained of was made, together with the findings of fact of the Review Committee. This record discloses that the determination of the Review Committee relating to the 1955 tobacco acreage allotment for farm number 56–021–4101 was filed on August 12, 1955 and contained, inter alia, the following findings of fact:

"1. Applicant acquired from W. L. Springs, on September 16, 1953, a tract of land containing 180 acres, more or less, and applicant operated said tract in his name from September 16, 1953 until December 28, 1954.

"2. Said 180 acre tract had a tobacco allotment in 1954 and in 1955.

"3. A part of said 180 acre tract, 69 plus acres, was deeded by applicant to his wife, Rebe Bernice Gaskin Lyerly on December 28, 1954, the remaining part, 111 plus acres, being retained by applicant and identified by serial number 4101 on which a 1955 new grower application for allotment was filed on January 7, 1955.

"4. During the fall of 1953, applicant cleared, and planted to corn in 1954, approximately 8 acres of land on tract No. 4101, and during the fall of 1954 cleared and planted some 27 to 35 more acres on tract No. 4101, which tract No. 4101 was included in the 180 acre farm operated by applicant from September 16, 1953, until December 28, 1954.

"5. At the time application for new grower allotment was filed by applicant, applicant lived on a small tract of land (2¼ acres, more or less) acquired from H. N. Huggins on January 15, 1952, some 3 to 4 miles away from tract No. 4101."

The Review Committee arrived at the following conclusions:

"1. That the tract on which applicant filed application for new grower tobacco allotment, tract No. 4101, was a part of an old tobacco farm, the 180 acre tract of land acquired by applicant in 1953, and any 1955 tobacco acreage allotment established therefor is to be established pursuant to the provisions of Section 725.621 of the Burley and Flue-Cured Tobacco Marketing Quota Regulations, 1955–56 Marketing Year.

"2. That applicant did not live on tract No. 4101 at the time of filing new grower application for 1955 allotment."

The determination of the Review Committee complained of in this proceeding is as follows:

"Applicant and tract No. 4101 were not eligible for a 1955 new grower flue-cured tobacco acreage allotment."

This cause came on for hearing on August 22, 1956 at which time counsel for all parties was present and the matter was fully presented.

From the record of the proceeding before the Review Committee it appears that the review was limited to the question of the eligibility of farm number 56–021–4101 for a new farm allotment under applicable regulations. The appeal to the Review Committee was based upon the issuance of a notice of farm acreage allotment which was mailed to the plaintiff on April 29, 1955 which informed him that the tobacco acreage allotment of 3.4 acres which had been established previously for the farm had been revised to zero acres. No appeal had been filed from the establishment of the allotment of 3.4 acres, and it is assumed that this is the proper allotment that would have been established had there not been an administrative determination that this farm was not eligible under the regulations for any allotment.

At the outset it would be well to cite the section of the regulations which applies to the eligibility question in this case. This is Section 725.623(b) (2) of the Burley and Flue-Cured Tobacco Marketing Quota Regulations, 1955–1956 Marketing Year (19 F.R. 3549):

"(b) Notwithstanding any other provisions of this section a tobacco acreage allotment shall not be established for any new farm unless each of the following conditions has been met:

\*    \*    \*    \*    \*    \*

"(2) The farm operator shall live on and be largely dependent for his livelihood on the farm covered by the application."

The facts as disclosed by the transcript of the review hearing are that plaintiff acquired by deed dated September 16, 1953 a tract of land containing 180 acres in Florence County, South Carolina, and that the plaintiff had previously acquired approximately 2¼ acres of land in Florence County by deed dated January 15, 1952. Application for a 1955 flue-cured tobacco allotment was filed by the plaintiff with the Florence County Committee on January 7, 1955 in which application the plaintiff stated that he lived on the farm covered by the application which was identified as number 4101. According to the evidence adduced at the hearing plaintiff at the time of the application resided on the 2¼ acre tract which was located approximately four miles from the 180 acre tract. It further appears that at the time of the application plaintiff was constructing a dwelling house on farm number 4101. Prior to the date of the application plaintiff had conveyed to his wife approximately 69 acres of the 180 acre tract pursuant to an agreement between them which was made prior to the purchase of the tract.

The plaintiff maintained that the 2¼ acre tract and the 111 acre tract, which was the part of the 180 acre tract retained by him, had been combined and for official purposes was considered to be one farm. In this connection the plaintiff referred to the designation on an aerial photograph map which covered the 2¼ acre tract and which was identified thereon by the same farm number as the 111 acre tract which was shown on a different aerial photograph map. Shortly after the plaintiff applied for a 1955 tobacco acreage allotment the matter of the applicant's and the farm's eligibility was investigated by the Florence County Committee. The results of this investigation are shown on the report which was introduced at the hearing as Exhibit VII. This report disclosed that the applicant lived on the farm (Section IV, Question 1), and that this farm had never been a part of a farm with a tobacco acreage allotment of the kind applied for therein (Section VII, Question 2). Exhibit VI is a farm record sheet which apparently is designed to record certain al-

lotment and production data for several years for various crops. According to the testimony of Mr. M. C. Petermann before the review hearing, this record indicated that 1955 was the first year during which this farm had been considered in any of the reports and statistics of the County office. There was no evidence presented at the hearing which in the opinion of this Court would refute the contention of the plaintiff that the 2¼ acre farm and the 111 acre farm had not been combined and thereby constituted a single farm.

■ There is no contradiction of the fact that the plaintiff resided upon the 2¼ acre tract at the time he made application for a 1955 tobacco acreage allotment. It is the opinion of this Court, therefore, that the conclusion of the Review Committee that the plaintiff did not live on farm number 4101 at the time of filing of the application for the 1955 allotment is not supported by the evidence. Furthermore, it is the opinion of this Court that the fact that the plaintiff was at the time of the filing of the application constructing a dwelling house on the 111 acre tract and did in fact occupy this house before harvest time for tobacco in 1955 would satisfy the requirements of Section 725.623(b) (2). This section does not specifically state that an applicant must live on the farm at the date of application. It would seem to be well within the intention of this regulation if an applicant did live on the farm prior to the time of harvest in cases where it had been shown that the applicant was constructing a dwelling and had intentions of occupying the same, the requirement would have been satisfied.

■ The Review Committee concluded that farm number 4101 was a part of an old tobacco farm and that any 1955 tobacco acreage allotment established therefor should be pursuant to Section 725.621 of the regulations. This conclusion appears to have been based upon the findings of fact of the Review Committee that the plaintiff in 1953 and 1954 owned and operated the 180 acre tract previously mentioned which had established for it an old farm tobacco acreage allotment. It is the opinion of this Court that the conclusions of the Review Committee in this regard are improper. The issue which was properly before the Review Committee related to the eligibility of farm number 4101 under Section 725.623(b) (2) of the regulations. This is borne out by the administrative determinations and actions taken prior to the review hearing, by the application for review filed by the plaintiff and by the answer of the County Committee which did not refer to any other issue but that of eligibility or ineligibility under the section of the regulations last cited. There had been no administrative determination or decision made on the question of subdivision of the 69 acre tract which was operated by the plaintiff's wife; therefore, there could not have been possible a review of any administrative action on this question which was properly before the Review Committee. A review necessarily implies the consideration of an accomplished fact. It has not been shown that the Review Committee has general administrative authority and discretion in all matters relating to acreage allotments, but on the contrary its review is limited to questions which arise from actions of the local committees.

■ It is therefore the opinion of this Court that the only question which was properly before the Review Committee which could be considered by it was the eligibility of the farm in question for a new farm acreage allotment under the regulations and that the findings of fact by the Review Committee on the question of subdivision are not supported by the evidence. It follows, therefore, that the conclusion reached by the Review Committee in this connection was improper.

■ It is the opinion of this Court that the determination of the Review Committee that farm number 4101 was not eligible for a 1955 new farm flue-cured tobacco acreage allotment is not supported by the evidence or the law and

consequently should be and the same is hereby reversed and overruled.

In view of this opinion the Court does not consider it necessary to comment or pass upon the other questions raised in the complaint and argument of counsel for the plaintiff.

It Is Therefore Ordered that this case be remanded to the Review Committee for Florence County with directions to reinstate the flue-cured tobacco acreage allotment of 3.4 acres established for farm number 56–021–4101 for the 1955–56 marketing year, said allotment to be re-established within thirty days after the filing of this Order.